UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2025 MAY 16 AM 11: 56

Joshua Santos; Jose Santiago,

    Plaintiffs,

v.

Shawn Zoldak, Superintendent of
Souza Baranowski Correctional
Center; Director of Security;
Keith J. Lovejoy, Correctional
Officer,

    Defendants.

Civil Action No.   DISTRICT OF MASS.

Verified Civil Complaint
and Jury Demand

## I. INTRODUCTION

The Plaintiff files this complaint against the named Defendants for their failure to protect him, when they created a clear policy of separating sides in the housing unit where there is no physical interaction between the high and low sides of the housing blocks within Souza Baranowski Correctional Center, causing the Plaintiff serious injury from the assault by another incarcerated individual who was not to have contact with Plaintiff during out of cell activities within the block.

## II. JURISDICTION

Jurisdiction is invoked upon this court pursuant to 42 U.S.C. § 1983.

## III. PARTIES

1. The Plaintiff, Joshua Santos, is and was at all times relevant to this complaint, and is the victim in this matter.

2. The Defendant, Shawn Zoldak, is the Superintendent

of Souza Baranowski Correctional Center (hereinafter "SBCC"), and is responsible for the custody and care of all incarcerated individuals under his guardianship, is being sued in his individual capacity.

3. The Director of Security, is responsible for the security of SBCC, is and was at all times relevant to this complaint, is being sued in his individual capacity.

4. The Defendant, Kevin J. Lovejoy, is a correctional officer at SBCC, is and was at all times relevant to this complaint, and is being sued in his individual capacity.

### IV. STATEMENT OF FACTS

5. On July 6, 2024, the Plaintiff was attacked by another prisoner, David Bounds (T96305), who hid in the shower to await Plaintiff's side of the block to be let out for recreation when he attacked Plaintiff.

6. Plaintiff had just had surgery on his right hand which had wires and pins inserted.

7. On 7/6/24, at 9:47 a.m., while the block officers and Defendant Lovejoy were watching movies, failed to make a security check before letting out the other side of the H-2 housing unit after locking in the "Low Side" of H2, prisoner Bounds jumped out of the shower when the "High Side" was let out, ran inside Plaintiff's cell #30, and began assaulting Plaintiff who was relatively defenseless.

8. Plaintiff Santos was stabbed in the process by Mr. Bounds and suffered serious injuries. Exhibit A.

9. On 7/6/24, Plaintiff Santiago was also assaulted by Mr. Bounds. Mr. Santiago is cellmates with Plaintiff Santos and was physically assaulted when David Bounds ran out of the shower into Cell #30 in H2 and physically shoved Plaintiff Santiago and assaulted him as well, where Santiago sustained cuts to his hands and a bruise on his head from the incident. Exhibit B.

10. The Defedants' policy at SBCC is two keep the blocks separated into two blocks, high side and low side. How that is configurated is that all prisoners living from cells 1-33 cannot interact whatsoever with prisoners living in cells 32-64 (High Side). If the low side are out for recreation and someone enters going to the high side, that person has to either be escorted in to his cell by multiple guards, or the low side prisoenrs will be instructed to lock-in until that person is secured in his cell. And when the low side locks in from recreation, the officers are to make rounds to assure no one is out from that side when the high side are let for recreation. This is the Defendants policy and protocol that was not followed in this matter.

11. The Defendant Lovejoy did not pay attention because he was too busy watching movies on the computer with his other officers guarding the block.

12. If proper protocol was followed, Mr. Bounds would not have been able to attack two handicapped prisoners in Santos and Santiago, which they sustained injuries from the attack on Santos. Santiago was attacked as well and had to defend himself with his crutches against the knife wielding incarcerated individual. This was clear a failure to protect in accordance with the policy of SBCC and prisoner interaction.

13. Defendants Zoldak, Director of Security and Lovejoy are all liable for the assault on the Plaintiffs by Mr. Bounds, and failed to protect them from harm per the institution's policy.

## V. CAUSE OF ACTION

Plaintiffs realleges and reaffirm paragraphs, 1-13, and incorporate them into this cause of action.

### FAILURE TO PROTECT

Defendants Zoldak, Director of Security, and Lovejoy failed to protect Plaintiffs from harm, when David Bounds was able to hide in the shower during recreation change period, to attack and assault Santos and Santiago causing them physical harm in violation of the 8th and 14th Amendments to the United States Constitution, and acting color of law, violated 42 U.S.C. § 1983.

## VI. PRAYER FOR RELIEF

Wherefore, the Plaintiffs prays that this court grants

them the following relief:

A) Grant the Plaintiffs a Declaratory Judgment declaring their rights.

B) Award Plaintiffs Santos and Santiago punitive damages, jointly and severally, against each Defendant in the amount of $75,000.00 each, for their failure to protect them from harm when their policy states that prisoners from other sides of the housing blocks, are not to interact with one another.

C) Award Plaintiss Santos and Santiago compensatory damages, jointly and severally, against each Defendant in the amount of $40,000.00 each, for their failure to protect them from harm by another prisoner, when their policy states that prisoners from other sides of the housing unit are not to interact with prisoners from the opposite side.

D) Grant any relief this court deems just and equitable to Plaintiffs.

E) Award Plaintiffs court costs and attorney fees.

F) Plaintiffs demand a trial by jury.

## VERIFICATION

We, the undersigned, verify under the penalties of perjury that the facts stated herein are true and accurate.