UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSHUA SANTOS and JOSE SANTIAGO, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>SHAWN ZOLDAK, Superintendent, et al., )<br>    Defendants. )<br>) | Civil No. 25-11269-LTS |

MEMORANDUM AND ORDER

October 20, 2025

SOROKIN, J.

    Plaintiffs Joshua Santos ("Santos") and Jose Santiago ("Santiago"), inmates now in custody at the Souza-Baranowski Correctional Center ("SBCC"), filed a complaint seeking declaratory and monetary relief pursuant to 42 U.S.C. § 1983 alleging the violation of their constitutional rights when the defendants failed to protect plaintiffs from harm. Doc. No. 1. Named as defendants are the SBCC Superintendent, the SBCC Director of Security and one SBCC correctional officer.

    With the complaint, plaintiffs filed a motion for the appointment of counsel. Doc. No. 2.

I.    FILING FEE

    No filing fee has been paid in connection with the filing of the complaint and neither plaintiff has moved for leave to proceed without prepayment of the filing fee.

    A party bringing a civil action must either (1) pay the $350.00 filing fee and the $55.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where, as here, the plaintiffs are prisoners, a request to proceed without prepayment of the filing fee must be filed with accompanied by "a certified copy of the trust fund account statement (or institutional equivalent)

1

for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[1]

"Where there are multiple plaintiffs in a civil action … it has been the practice of this court to apportion equally the filing fee between or among all plaintiffs (both in prisoner and non-prisoner cases)." Cuevas v. DiPaulo, No. 11-10884-WGY, 2011 WL 2110759, at *2 (D. Mass. May 23, 2011) (collecting cases).

If plaintiffs wish to proceed in this action, they must each file an Application to Proceed in District Court Without Prepaying Costs or Fees (also referred to as an application or motion for leave to proceed *in forma pauperis*) accompanied by a certified copy of their prison account statement. The filing fee would be apportioned between them.[2]

II.     MOTION FOR THE APPOINTMENT OF COUNSEL

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

---

[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, see 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee.

[2] The $350 filing fee would be apportioned between the number of plaintiffs allowed to proceed in forma pauperis. If both plaintiffs proceed, each plaintiff would be responsible for a payment of $175. If there is only one plaintiff that decides to proceed, then the one plaintiff would be responsible for the $350 filing fee.

In the absence of a motion for leave to proceed *in forma pauperis*, the Court is unable to allow the motion. Accordingly, the motion for appointment of counsel (Doc. No. 2) is denied without prejudice.

III.  SIGNATURES

Although both plaintiffs signed the motion for the appointment of counsel, neither plaintiff signed the complaint. Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."); District of Massachusetts Local Rule 83.5.5 (d) ("A *pro se* party is required to comply with these local rules.").

The plaintiffs will be provided an opportunity to file signed copies of the complaint.

IV.  ORDER

For the foregoing reasons, it is hereby ordered as follows:

1. The motion for the appointment of counsel (Doc. No. 2) is DENIED without prejudice.

2. If Santos and/or Santiago wish to proceed with this action, within 42 days of the date of this Order, they must each file (1) an Application to Proceed in District Court Without Prepaying Costs or Fees with a certified copy of his prison account statement for the 6-month period preceding May 16, 2025; and (2) a signed copy of the complaint. Failure of either plaintiff to comply with these directives may result in the dismissal of this action without prejudice.

3. The Clerk shall provide each plaintiff with (1) a copy of the complaint so that they can each sign and return the last page of the complaint to the court; and (2) the standard Application to Proceed in District Court Without Prepaying Fees or Costs.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge